IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOHN C. JOHNSON,                          §
                                          §
   Defendant Below,                       §  No. 172, 2025
   Appellant,                             §
                                          §  Court Below—Superior Court
   v.                                     §  of the State of Delaware
                                          §
STATE OF DELAWARE,                        §  Cr. ID No. 9908026980 (N)
                                          §
   Appellee.                              §
                                          §

Submitted: July 7, 2025
Decided:    August 25, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below,[1] it appears to the Court that:

(1)    The appellant, John C. Johnson, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

---

[1] The Court has not considered the appellant's answering brief because there is no response to a motion to affirm unless one is requested by the Court. Del. Supr. Ct. R. 25(a)(iii).

(2)     In October 1999, a grand jury indicted Johnson for first-degree murder and weapon offenses.  In May 2001, Johnson pleaded guilty to second-degree murder as a lesser-included offense of first-degree murder and possession of a firearm during the commission of a felony ("PFDCF").  The Superior Court sentenced Johnson as follows: (i) for second-degree murder, twenty years of Level V incarceration, suspended after seventeen years for decreasing levels of supervision; and (ii) for PFDCF, ten years of Level V incarceration.

(3)     In March 2025, Johnson filed a motion for correction of illegal sentence.  He argued that his PFDCF sentence was enhanced under the Armed Career Criminal Act and was illegal under *Erlinger v. United States*.[2]  The Superior Court denied the motion, finding that neither the Armed Career Criminal Act nor *Erlinger* applied to Jackson's sentence.  This appeal followed.

(4)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3]  To the extent a claim involves a question of law, we review the claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[2] 602 U.S. 821 (2024).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[4] *Id.*

2

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)     In his opening brief, Johnson argues that the Superior Court enhanced the three-year minimum sentence for PFDCF to a ten-year minimum sentence without any findings by a jury as required by *Erlinger*. He is mistaken. There was no such enhancement of his PFDCF sentence.

(6)     At the time Johnson committed PFDCF, the sentencing range was three to twenty years of Level V incarceration.[6] The three-year minimum increased to five years if the defendant had two previous felony convictions,[7] but the Superior Court rejected the State's argument that Johnson was subject to the five-year minimum sentence. The sentencing order reflects that only the first three years of the PFDCF sentence was the minimum sentence.[8]

(7)     In *Erlinger*, the United State Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before his sentence can be enhanced under

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[6] 11 *Del. C.* § 1447A(a), (b) (1999) (defining PFDCF as a class B felony with a three-year minimum sentence); 11 *Del. C.* § 4205(b)(2) (1999) (providing for a two to twenty year sentencing range for class B felonies).
[7] 11 *Del. C.* § 1447A(c).
[8] The sentencing order also refers to Johnson's status as a habitual offender, but the Superior Court and the State have acknowledged that this was a clerical error. *State v. Johnson*, 2014 WL 595436, at *3 (Del. Super. Ct. Jan. 17, 2024).

the Armed Career Criminal Act.[9] *Erlinger*, as the Superior Court recognized, did not apply in this case because there was no enhancement of Johnson's PFDCF sentence based on his prior convictions.[10] The PFDCF sentence imposed—ten years of Level V incarceration—falls within the relevant statutory range and is not illegal.[11] The Superior Court did not err in denying Jackson's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] *Erlinger*, 602 U.S. at 835.
[10] *See, e.g., Smith v. State*, 2025 WL 2048977, at *1 (Del. July 21, 2025) (holding *Erlinger* was inapplicable to sentence that was not enhanced on the basis of the appellant's prior criminal conduct); *Phillips v. State*, 2025 WL 2025 1693652, at *2 (Del. June 16, 2025) (same).
[11] *See supra* n.6.